UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD JONES,

    Petitioner,

vs.

B. CURRY, Warden,

    Respondent.

No. C 07-2249 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner pled nolo contendere to a charge of second-degree murder in Los Angeles County Superior Court. He did not appeal, but has filed several post-conviction actions in state court in which he contends he raised the issues presented here.

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

///

Habeas corpus petitions must meet heightened pleading requirements. *McFarland*

*v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.  Filing Fee**

When the petition was received without a filing fee or application for leave to proceed in forma pauperis ("IFP"), the court sent petitioner a notice to that effect and gave him thirty days to do one or the other. In response he wrote a letter saying that he sent the five-dollar fee "long before I actually filed my writ with the court." The court was unable to locate these documents – having been sent before the petition they of course lacked any case number – but they have now been located in case number C 03-02049-PJH, *Jones v. Lopez*, a civil rights case which was dismissed on July 7, 2003, and the dismissal of which was affirmed on appeal on May 11, 2006. The docket for that case shows that a five-dollar filing fee was paid on March 30, 2007, and that a motion by petitioner to proceed IFP was filed that day. The court has entered an order in that case to credit to filing fee to this case and to file the IFP application in this case. The motion to proceed IFP will be denied as moot, the filing fee having been paid.

**C.  Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his due process rights are being violated by breach of the terms of his plea agreement; (2) his counsel and the prosecution at the time of the plea led him to understand that under the agreement he

1 would serve only ten years; and (3) the Board of Prison Terms breached the plea
2 agreement.

3     As to claim one, petitioner does not say what term of the plea agreement was
4 breached nor what has happened that constitutes a breach.  In claim two he may be
5 attacking the plea agreement itself by trying to claim that the plea was not knowing and
6 intelligent, but he does not actually allege that nor any other legal basis for the claim.  And
7 it would be helpful to have a better explanation of what his claim is in issue three.  For
8 these reasons, the petition will be dismissed with leave to amend.

## CONCLUSION

10     For the foregoing reasons,

11     1.  Petitioner's motions for leave to proceed in forma pauperis (documents numbered
12 8 and 13 on the docket) are **DENIED** as moot.

13     2.  The petition is **DISMISSED** with leave to amend within thirty days from the date
14 of this order.  The amendment must include the caption and civil case number used in this
15 order and the words AMENDED PETITION on the first page.  Failure to amend within the
16 designated time will result in the dismissal of these claims.

17     3.  Petitioner **must** put the case number of this case on every paper he submits for
18 filing and on every communication he sends to the court relating to this case.  Failure to do
19 so is likely to result in the item being misfiled and not acted upon.

20     4.  Petitioner must keep the court informed of any change of address and must
21 comply with the court's orders in a timely fashion.  Failure to do so may result in the
22 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
23 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable
24 in habeas cases).

25     **IT IS SO ORDERED.**
26 Dated: September 24, 2007.

          PHYLLIS J. HAMILTON
          United States District Judge

G:\PRO-SE\PJH\HC.07\JONES249.OSC.wpd

3