UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EDWARD JONES,

    Petitioner,

vs.

B. CURRY, Warden,

    Respondent.
_____/

No. C 07-2249 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner was tried in Los Angeles County Superior Court on charges of first and second degree murder for the killing of his wife. A plea agreement was reached after the case had been submitted to the jury, as a consequence of which he pleaded nolo contendere to second degree murder and was sentenced to a term of seventeen years to life.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## DISCUSSION

Petitioner asserts that the bargain he accepted included an agreement that he would

2

serve no more than ten years, or twelve at most, before being paroled. He contends that the State has failed to perform its side of the plea agreement, which, if true, would be a due process violation.

**I.     Statute of Limitations**

Respondent contends that petitioner's plea bargain claim is barred by the statute of limitations. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Breach of a plea bargain can be a due process violation and a basis for habeas relief. *Santobello v. New York*, 404 U.S. 257, 262 (1971). The triggering date for the statute of limitations for a claim that a plea bargain was breached is when "the factual predicate of the claim could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D); *Murphy v. Espinoza*, 401 F.Supp.2d 1048, 1052 (C.D. Cal. 2005) (for purposes of § 2244(d)(1)(D), factual predicate for a breached plea agreement claim is when prisoner was, or with the exercise of reasonable diligence should have been, aware that the state committed the alleged breach); *Martinez v. Kane*, No. C 05-3429 WHA (PR), 2007 WL 2729799, at *2 (N.D. Cal. Sept.19, 2007) ("The triggering date for the statute of limitations [for breach of plea bargain claim] was when 'the factual predicate of the claim could have been discovered through the exercise of due diligence'" pursuant to § 2244(d)(1)(D)); *Daniels v. Kane*, No. C 04-5123 MHP (PR), 2006 WL 1305209, at *1 (N.D. Cal. May 10, 2006) (statute of limitations begins to run on "the date a petitioner knew or should have known that a breach occurred.").

3

Petitioner was sentenced on November 30, 1989. Ex. A at 6 (Abstract of Judgment). Thus, no later than the beginning of December of 2001 he knew he was not going to be paroled in "ten, or at most twelve," years. His federal petition therefore had to be filed no later than December of 2002. *See* 28 U.S.C. § 2244(d)(1)(D) (one-year limitations period runs from date the factual predicate of the claim could have been discovered through the exercise of due diligence). This petition was not filed until March of 2007, so unless the running of the limitations period was tolled, it is untimely. Petitioner's first state action raising the plea bargain claim – a petition for a writ of error corum nobis – was not filed until September 9, 2004, so statutory tolling does not apply. Ex. A at 15; *see* 28 U.S.C. § 2244(d)(2) (limitations period is tolled while a properly filed application for state post-conviction or other collateral review is pending). Petitioner does not allege that equitable tolling applies, and no basis for it appears in the record. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (AEDPA's statute of limitations is subject to equitable tolling in appropriate cases). The petition thus is barred by the statute of limitations.

## II.   Merits

Alternatively, petitioner's claims have no merit. His claim depends, of course, on whether the plea agreement included a promise by the state that he would serve no more than ten or twelve years; if there were no such promise, there could have been no breach.

When petitioner presented this claim in the court of appeal, the court remanded to the superior court to hold an evidentiary hearing. Ex. C (opinion of court of appeal on direct appeal from denial of writ) at 2-3. The transcript of the plea proceedings could not be found. *Id.* at 3 n.2. Petitioner does not dispute the court of appeal's summary of the testimony at the evidentiary hearing.

Petitioner testified that his defense attorney told him, in the presence of the prosecutor, that he would serve ten or twelve years, and that the prosecutor told him to keep his "nose clean" and he would be out in ten years. *Id.* at 3. Petitioner's sister testified that she was present in the courtroom when the plea was being discussed and heard that petitioner would be out in ten or twelve years. *Id.* at 4. Defense counsel testified that he

4

told petitioner he would be out in ten or twelve years, but did not testify that he had been promised that by the prosecution. *Id.* The prosecutor specifically denied telling petitioner or his counsel how much time petitioner would serve. *Id.* The written plea form carries a statement, initialed by petitioner, that no promises other than those included in the document had been made, and the document does not say that petitioner would be paroled in ten or twelve years. *Id.* at 4-5; Ex. F, attached Decl. Lieberman Ex. E. The superior court found that no such promise had been made, and denied the writ. Ex. C at 4-5. The court of appeal concluded that the superior court's credibility determination favoring the prosecutor was supported by the record and affirmed the denial of the writ. *Id.* at 6.

The evidence was conflicting, the superior court found that the prosecutor was more credible, and the prosecutor's version was supported by the written plea agreement. In these circumstances, it was not an unreasonable determination of the facts in light of the evidence for the state courts to find that no promise of release in ten or twelve years had been made to petitioner. This claim is rejected on this alternative ground. *See* 28 U.S.C. § 2254(d)(2) (to grant habeas relief grounded on a factual error by state court, federal court must conclude that the state decision was an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding.").

### III.   Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied.

Petitioner is advised that if he wishes to attempt to appeal, he must file a notice of appeal, even though the court has denied a COA. He may then ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. A Certificate of Appealability also is **DENIED**. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 27, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.07\JONES249.RUL.wpd